IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

JAMES McALISTER                          PLAINTIFFS

VS.                                             CAUSE NO: 21-122

VICKSBURG FORD LINCOLN
MERCURY, INC. FORD MOTOR
COMPANY and                             DEFENDANTS
JOHN DOES 1, 2, and 3.

## COMPLAINT
(Jury Trial Requested)

James McAlister, Plaintiff herein, appears and for his Complaint against Defendants, Vicksburg Ford Lincoln Mercury, Inc. and John Does 1, 2, and 3, would set forth the following circumstances:

## PARTIES

1. Plaintiff, James McAlister is an adult resident citizen of Clinton, Hinds County, Mississippi.

2. Defendant, Vicksburg Ford Lincoln Mercury, Inc, is a corporation organized and existing under the laws of Delaware. During all relevant times, Vicksburg Ford Lincoln Mercury, Inc. was doing business within the state of Mississippi. Vicksburg Ford Lincoln Mercury has appointed C.T. Corporation, 645 Lakeland Drive East, Flowood, MS. 39232 as a legal entity authorized to accept legal process on its behalf.

3. Ford Motor Company is a corporation organized and existing under the laws of Delaware. During all relevant times, Ford Motor Company was doing business within the state of Mississippi. Ford Motor Company has appointed C.T. Corporation, 645 Lakeland Drive East, Flowood, MS. 39232 as a legal entity authorized to accept legal process on its behalf.

EXHIBIT A

4. Defendants John Does 1-3, are corporations or entities as yet unknown to Plaintiff who may have sold, worked on, or who may in some way be liable for the defect in McAlister's 2011 Ford Fusion.

## VENUE

5. Venue is proper in this Court as the events giving rise to this complaint occurred in Hinds County, Mississippi.

## FACTS

6. Beginning June 2, 2015, Ford Motor Company recalled certain 2011 and 2012 models of the Ford Fusion out of concern that these vehicles were equipped with electric power assist systems that may shut down as a result of a steering motor sensor fault.

7. McAlister purchased a 2011 Ford Fusion from Vicksburg Ford Lincoln Mercury, Inc on or about September 27, 2016.

8. The 2011 Ford Fusion purchased by Mr. McAlister bore Vehicle Identification Number 3FHPOJA6BR246050.

9. The 2011 Ford Fusion purchased by Mr. McAlister from Vicksburg Ford Lincoln Mercury, Inc. was subject to this recall.

10. Upon information and belief the steering motor sensor in the 2011 Ford Fusion purchased by Mr. McAlister was not repaired or replaced as contemplated by the recall.

11. Mr. McAlister was not informed of the recall or of the defect with the steering motor sensor when he purchased the 2011 Ford Fusion from Vicksburg Ford Lincoln Mercury, Inc.

12. On March 9, 2018, McAlister was taking his daughter home from school in the Ford Fusion when the power steering failed, and the steering wheel locked causing Mr. McAlister to rear end his neighbor's parked, unoccupied car.

EXHIBIT A

13. Mr. McAlister's knee struck the steering wheel in this accident, causing severe injury.

14. The steering defect was repaired at Watson Quality Ford in Jackson, Mississippi on March 12, 2018.

## CAUSE OF ACTION
## NEGLIGENCE

15. As a reasonable prudent automobile dealer, Vicksburg Ford Lincoln Mercury, Inc. owed a duty to McAlister to inform him of any recalls regarding the 2011 Ford Fusion, and any defects in the steering system of the 2011 Ford Fusion of which Vicksburg Ford Lincoln Mercury, Inc. knew or should have known.

16. Vicksburg Ford Lincoln Mercury, Inc, breached this duty by failing to inform McAlister of the recall regarding the 2011 Ford Fusion, and by failing to inform McAlister that these vehicles were equipped with electric power assist systems that may shut down as a result of a steering motor sensor fault.

17. As a direct and proximate result of the acts and omissions of Vicksburg Ford Lincoln Mercury, Inc. the steering in the 2011 Ford Fusion failed on March 9, 2018, and McAlister was injured in the ensuing collision.

## BREACH OF WARRANTY

18. Each automobile sold by Ford Motor Company in Mississippi was subject to implied warranties of merchantability, implied warranties of fitness, and implied warranties of fitness for a particular purpose.

19. Ford Motor Company breached these implied warranties by selling a car to McAlister which was equipped with electric power assist systems that may shut down as a result of a steering motor sensor fault.

EXHIBIT A

20. As a direct and proximate result of the breaches of implied warranty of merchantability, implied warranty of fitness, and implied warranty of fitness for a particular purpose, the steering in the 2011 Ford Fusion failed on March 9 2018, and McAlister was injured in the ensuing collision.

## DAMAGES

21. McAlister respectfully requests a judgment of and from the Defendants compensating McAlister for the following elements of damage:

   a. Medical expenses incurred to treat Tillman's injuries;
   b. Medical expenses reasonably likely to occur in the future as a result of the Defendants' omissions;
   c. Physical pain and suffering accompanying McAlister's injuries;
   d. Physical pain and suffering likely to occur in the future as a result of the Defendants' omissions;
   e. Mental pain and worry arising out of McAlister's injuries;
   f. Mental pain and worry likely to occur in the future as a result of the Defendants' omissions;
   g. Lost wages ;
   h. Lost wage earning capacity resulting from the Defendants' omissions; and
   i. Loss of enjoyment of life.

22. WHEREFORE, PREMISES CONSIDERED, in that the aforesaid injuries and damages were all proximately caused or contributed to by the acts and omissions of Defendants , McAlister respectfully prays:

   a. That the Defendants be served with a copy of this Complaint and be cited and required to answer the same within the delays provided by law;

   b. That the Defendants be responsible for all costs of these proceedings; and

   c. That after expiration of all legal delays and due proceedings there be a judgment hearing in favor of the Plaintiff holding the Defendants liable for the following relief:

I. Judgment in favor of Plaintiff and against the Defendants for compensatory damages in an amount justified by the evidence at trial, plus any applicable interest on said sum including prejudgment and post-judgment interest in the highest amount allowed by law; and

II. All other legal or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

JAMES McAlister, PLAINTIFF

BY: *signature*

JONATHAN B. FAIRBANK
Mississippi State Bar Number: 5119
Post Office Box 13276
Jackson, MS. 39236-3276
Phone: (601)956-8999
E-Mail: jonfairbanklaw@gmail.com

EXHIBIT A